(June 15, 1970)

(Republished.)

■ In the Matter of AMOS S. BASEL et al., Appellants, v. MAURICE J. O'ROURKE et al., Constituting the Board of Elections of the City of New York, Respondents, and ERIC D. LIPETZ et al., Respondents.— Order entered June 8, 1970, affirmed, without costs and without disbursements. Appellants are granted leave to appeal to the Court of Appeals. The order of this court entered on June 12, 1970, is vacated [34 A D 2d 921]. Concur — Stevens, P. J., Eager and McGivern, JJ.; McNally, J., dissents in the attached memorandum.

McNALLY, J. (dissenting). The problem posed involves to a large extent arith-

metic. Two thousand five hundred signatures are required under section 136 (subd. 2, par. [c]) of the Election Law to validate petitions for nomination for Surrogate and Judge of the Civil Court of the City of New York.

The petition of Basel-Schwartz contained 3,002 signatures. The Board of Elections found that 804 signatures were invalid. The resulting balance of signatures was 2,198. The Referee restored 219 signatures, found an additional 24 invalid (Schedule B). The net restoration by the Referee was 195.

I understand it was conceded during the argument that the Referee ruled restoration of 39 signatures in addition to those which appeared on Schedule A. No explanation is offered for the failure to include those 39 signatures in the report.

The Referee included in Schedule B as invalid three signatures which the board had already held invalid.

The Referee failed to admit the Goldberg sheets which contained a total of 48 as reported by him and 52 as contended by petitioners on the ground that Goldberg failed to transfer his enrollment. With reference to these sheets *Matter of Weber* v. *Power* (22 N Y 2d 321) and *Matter of Sullivan* v. *Power* (16 N Y 2d 854, affg. 24 A D 2d 709) seem to be in point. True, Goldberg did not sign an affidavit requesting a transfer of enrollment. His testimony, however, is clear that he made it apparent that he wished to participate in the primary election and asked to have his enrollment changed accordingly.

Thirteen signatures were invalidated by the board because of errors of the witnesses' statements. In sum, where the witness' address is called for, the legend " same " was initially inserted and thereafter amplified with the address " 315 West 70th St., New York 10023 ". This insertion represented repetition of the address previously appearing in the space therefor. If this be an alteration, such alteration was immaterial. (*Matter of McManus* v. *DeSapio,* 5 N Y 2d 773.)

Eleven signatures were invalidated by the board because of inversion of date. On sheet 37, on 1 to 13, the date April 30, 1970 was inserted whereas line 14 is dated April 29, 1970. The witness apparently dated his statement prior to the date of his signature on April 30, 1970. There is no basis for invalidity except as to the signature dated April 29, 1970.

Eight signatures were invalidated by the board by reason of abbreviation in addresses and dates and nine were disallowed because of change in the election district or assembly district opposite their names. The voter is not required to insert his election district or assembly district (Election Law, § 132, subd. 2; *Matter of McManus* v. *DeSapio, supra*).

Four signatures were improperly invalidated by the board because of abbreviations or use of variations of names of properly registered voters contrary to section 138-a of the Election Law.

Giving effect to the additions above reflected, 329 signatures should be added to the 2,198 net signatures allowed by the board, resulting in a total of 2,527, which is in excess of the 2,500 required signatures. This does not give petitioners the benefit of 52 signatures they contend were on the sheets witnessed by Goldberg and reported by the Referee as 48. Nor does this give effect to the signature erroneously dated April 29 instead of April 30. Although the record seems to sustain the contention of the petitioners that some of the signatures were erroneously found by the Referee to be forgeries, it is unnecessary to pass thereon.